❏ Original          ❏ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No. 21-837M(NJ) |
| 9736 West Tower Avenue, Milwaukee, | ) |
| Wisconsin (Subject Premises A). | ) |
| | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____ *(identify the person or describe the property to be searched and give its location)*:

See attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____March 30, 2021_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ❏ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Nancy Joseph_____.
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*     ❏ until, the facts justifying, the later specific date of _____.

Date and time issued:   03/16/2021 4:35 pm                              *Judge's signature*

City and state:   Milwaukee, WI.                              Honorable Nancy Joseph
                                                              *Printed name and title*

**Return**

| Case No.:<br> 21-837M(NJ) | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

**9736 West Tower Avenue, Milwaukee, Wisconsin (Subject Premises A)**.  More particularly described as a one-story, single-family home, with a brick and gray siding exterior and a gray roof.  The numbers "9736" are displayed on the east side of the front door which faces south.

## ATTACHMENT B
## ITEMS TO BE SEIZED

A.      Paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, and heat-sealing devices, including any controlled substances;

B.      Pagers, cellular phones, caller identification, and other communication devices;

C.      Books, records, receipts, notes, ledgers, airline tickets, hotel receipts, money orders, and other papers relating to the distribution of controlled substances;

D.      Personal books and papers reflecting names, addresses, telephone numbers, and other contact or identification data relating to distribution of controlled substances;

E.      Cash, currency, financial instruments, and records relating to controlled substances income and expenditures of proceeds of drug transactions, and evidence of financial transactions relating to obtaining, transferring, secreting, or spending of large sums of money made from engaging, in drug trafficking activities;

F.      Photographs of individuals, associates, their property and their drugs;

G.      Records reflecting names, nicknames, addresses, and telephone numbers of both their current and past drug associates;

H.      Safes, closed containers, telephones, pagers, answering machine tapes, electronic organizers, located in the subject premises and the contents thereof;

I.      Proof of residency;

J.      Canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents and keys.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

9736 West Tower Avenue, Milwaukee, Wisconsin (Subject Premises A).

)
)
)
)
)
)

Case No.
21-837M(NJ)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See attachment A

located in the _____ Eastern _____ District of _____ Wisconsin _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, USC, Sections 841(a)(1), 843(b) and 846, and Title 18, USC, Sections 1956,1957 | See attached affidavit. |

The application is based on these facts:

See attached affidavit.

❑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

MATTHEW COOPER (Affiliate)    Digitally signed by MATTHEW COOPER (Affiliate)
Date: 2021.03.16 15:51:06 -05'00'

*Applicant's signature*

DEA TFO Matthew Cooper

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

email/telephone _____ *(specify reliable electronic means).*

Date: March 16, 2021

*Judge's signature*

City and state: Milwaukee, WI.

Honorable Nancy Joseph

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANTS

## I.     AGENT EXPERTISE AND KNOWLEDGE

I, Matthew Cooper, being duly sworn, depose and state as follows:

1.     I am employed as a Detective with the Milwaukee Police Department and have been a law enforcement officer for over 23 years.  I have been a Detective for over 17 years and have been assigned to conduct narcotics investigations for over 16 years.  I was previously assigned to the Vice Control Division (Narcotics) as a Police Officer for over 2 years.  I have been assigned to the High Intensity Drug Trafficking Area (HIDTA) for over 12 years.  I am also a Task Force Officer with the United States Department of Justice, Drug Enforcement Administration (DEA), and have been since October 2008.  As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

2.     In connection with my official MPD and DEA duties, I investigate criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 1956, and 1957, Title 21, United States Code, Sections 841, 843, 846, 848, 952 and 963.  I have been involved with various electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage and importation of controlled substances.  I have participated in the execution of multiple federal search warrants.

3.     I have received training in the area of narcotics investigations, money laundering, financial investigations and various methods which drug dealers use in an effort to conceal and launder the proceeds of their illicit drug trafficking enterprises.  I have participated in numerous investigations involving violations of State and Federal Narcotics Laws.  I have participated or assisted in numerous

1

Federal and State search warrants for narcotic related offenses which have resulted in the seizure of United States Currency, vehicles, real estate and jewelry from individuals involved in narcotic trafficking.

4.      I have authored and/or aided in investigations that have led to the issuance of numerous search warrants involving violations of both State and Federal Narcotic Laws. These warrants involved the search of locations including: residences of targets, their associates and relatives, "stash houses" (houses used as drug/money storage locations), storage facilities, bank safe deposit boxes, cellular/camera phones, and computers. Evidence, searched for, and recovered in these locations has included controlled substances, records pertaining to the expenditures and profits realized there from, monetary instruments, and various assets that were purchased with the proceeds of the drug trafficking.

5.      Through training, experience, and discussions with other experienced agents;

a.      I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin as well as in other areas of the United States;

b.      I am familiar with the appearance and street names of various drugs, including marijuana, heroin, methamphetamine, cocaine, and crack cocaine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

c.      I am familiar with the coded language utilized over the telephone to discuss drug trafficking and know that the language is often limited, guarded and coded. I also know the various code names used to describe controlled substances;

d.      I know drug dealers often put telephones in the names of others (nominees) or obtain pre-paid cellular telephones from companies where no subscriber name or address is required in order to distance themselves from telephones that they use to facilitate drug distribution. Because drug traffickers go through many telephone numbers, they often do not pay final bills when they are done using a telephone number and then are unable to put another line in the name of that subscriber;

e.      I know large-scale drug traffickers often purchase and/or title their assets in fictitious names, aliases or the names of relatives, associates or business entities to avoid detection of these assets by government agencies. I know that even though these assets are in names other than the drug traffickers, the drug traffickers actually own and continue to use these assets and exercise dominion and control over them;

2

f.  I know large-scale drug traffickers must maintain on-hand, large amounts of U.S. currency in order to maintain and finance their ongoing drug business;

g.  I know it is common for drug traffickers to maintain books, records, receipts, notes, ledgers, airline tickets, receipts relating to the purchase of financial instruments and/or the transfer of funds, and other papers relating to the transportation, ordering, sale and distribution of controlled substances. That the aforementioned books, records, receipts, notes, ledgers, etc., are maintained where the traffickers have ready access to them;

h.  I know it is common for large-scale drug traffickers to secrete contraband, proceeds of drug sales and records of drug transactions in secure locations within their residences, their businesses and/or other locations over which they maintain dominion and control, for ready access and to conceal these items from law enforcement authorities or rival drug traffickers. These secure locations include, but are not limited to, safes, briefcases, purses, locked filing cabinets, and hidden storage areas in natural voids of a residence;

i.  I know it is common for persons involved in large-scale drug trafficking to maintain evidence pertaining to their obtaining, secreting, transfer, concealment and/or expenditure of drug proceeds, such as currency, financial instruments, precious metals and gemstones, jewelry, books, records of real estate transactions, bank statements and records, passbooks, money drafts, letters of credit, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys and money wrappers. These items are maintained by the traffickers within residences, businesses or other locations over which they maintain dominion and control;

j.  I know large-scale drug traffickers often use electronic equipment such as telephones (land-lines and cell phones), pagers, computers, telex machines, facsimile machines, currency counting machines and telephone answering machines to generate, transfer, count, record and/or store the information described in the items above, as well as conduct drug trafficking activities;

k.  I know when drug traffickers amass large proceeds from the sale of drugs, the drug traffickers attempt to legitimize these profits through money laundering activities. To accomplish these goals, drug traffickers utilize the following methods, including, but not limited to: domestic and international banks and their attendant services, securities brokers, professionals such as attorneys and accountants, casinos, real estate, shell corporations and business fronts and otherwise legitimate businesses which generate large quantities of currency;

l.  I know drug traffickers commonly maintain addresses or telephone numbers in books or papers which reflect names, addresses and/or telephone numbers of their associates in the trafficking organization;

m.  I know drug traffickers take or cause to be taken photographs of themselves; their associates, their property and their drugs. These traffickers usually maintain these photographs in their possession; and

3

n.     I know a "controlled buy" (and/or controlled contact) is a law enforcement operation in which an informant purchases drugs from a target. The operation is conducted using surveillance, usually audio and video taping equipment, and pre-recorded buy money. When an informant is used, he/she is searched for contraband, weapons, and money before the operation. The informant is also wired with a concealed body recorder and monitoring device. When the transaction is completed, the informant meets case agents at a pre-determined meet location and gives the purchased drugs and the recording/monitoring equipment to the case agents. The informant is again searched for contraband, weapons, and money. Additionally, all telephone calls made by the informant while under the direction and control of case agents are recorded.

6.     In addition, during the course of such residential searches, I and other agents have also found items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises. Such identification evidence is typical of the articles people commonly maintain in their residences, such as canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys.

7.     The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations set forth above in paragraph 2, occurred and that probable cause exists to believe that locations described in Attachment A, incorporated herein by reference, contain the items that are described in Attachment B.

## II.     LOCATIONS FOR WHICH SEARCH WARRANTS ARE SOUGHT

8.  The target locations listed below are located in the Eastern District of Wisconsin, and more particularly described in Attachment A.

a.     **9736 West Tower Avenue, Milwaukee, Wisconsin (Subject Premises A)**. More

4

particularly described as a one-story, single-family home, with a brick and gray siding exterior and a gray roof. The numbers "9736" are displayed on the east side of the front door which faces south.

b. **6840 West Granville Circle, Apartment 301, Milwaukee, Wisconsin (Subject Premises B)**. This is described as Apartment 301 of a three-story apartment building with yellow and tan siding and a dark-colored roof. The numbers "301" are displayed on a placard to the right of the apartment door; and

c. **A silver 2015 Kia Optima, bearing Wisconsin license plates ACV-2064, VIN: 5XXGM4A78FG450704** (hereinafter "**Subject Vehicle**").

## III. BACKGROUND AND SUMMARY OF THE INVESTIGATION

9. I am currently participating in an investigation of a cocaine trafficking organization led by Dwight CLAYTON, hereinafter referred to as the CLAYTON DTO. I am familiar with the facts and circumstances regarding this investigation as a result of my personal participation in this investigation, and my review of: (a) reports prepared by, and information obtained from, other federal, state, and local law enforcement agents and officers, all of whom I believe to be truthful and reliable;[1] and (b) financial records obtained via subpoena. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

10. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and Title 18, United States Code, Sections 1956 and 1957, have been committed, are being committed, and will be committed by Dwight CLAYTON, Jeffrey COLEMAN and others not yet identified.

---

[1] Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

5

11.     Since March 2020, case agents have been conducting an investigation into the drug trafficking and money laundering activities of Dwight CLAYTON in Milwaukee, Wisconsin. A search of Public Access to Court Electronic Records (PACER) records revealed that Dwight CLAYTON was convicted in Case # 04-CR-66 of Conspiracy to Possess with Intent to Distribute Five Kilograms of Cocaine and Money Laundering. CLAYTON was sentenced to 108 months of imprisonment on each count with the sentences to run concurrently.

12.     On August 20, 2020, the Federal Bureau of Investigation (FBI) National Threat Operations Center received an online tip via tips.fbi.gov regarding potential international drug trafficking and tax evasion. The tip identified Dwight CLAYTON and stated that individuals are using a business called S&C Trucking LLC to hide proceeds in Milwaukee, Wisconsin. The tip identified the owner of S&C Trucking LLC, 1918 East Lafayette Place #309, Milwaukee, Wisconsin, as being involved in drug trafficking and identified the owner as Dwight CLAYTON. The tip stated that the business is registered "with the DOT under a different address which is a home." The tipster further reported that CLAYTON had been sent to prison for federal drug charges in the past.

13.     A search of Wisconsin Department of Financial Institutions records revealed that Dwight CLAYTON is the registered agent of S&C Trucking LLC. The LLC address listed for the business is **9736 West Tower Avenue, Milwaukee, Wisconsin (Subject Premises A)**. Case agents have conducted surveillance at this location on several occasions and have never seen a person or vehicle, other than Dwight CLAYTON, come or go from the residence. Additionally, cameras are mounted on all sides of the exterior of the residence and all of the window blinds are closed. I am aware, based on my training and experience, that drug traffickers frequently maintain "stash" houses which are residences used to store drugs prior to distribution and/or to store proceeds of drug sales after distribution. These residences typically have little vehicle or pedestrian traffic so as to avoid drawing attention to the house. Additionally, cameras are often mounted to the exterior of "stash" houses to allow the drug trafficker to

6

observe if the residence is being approached by Police or rival drug traffickers.

14.    On September 10, 2020, Officers with the Milwaukee Police Department executed a narcotics search warrant at 3365 North 53rd Street, Milwaukee, Wisconsin.  During entry to the residence, Kyle Collins was observed diving out of a bathroom with his hands and arms wet and slimy. A quantity of cocaine was located inside the toilet and on the floor of the toilet and it was believed Kyle Collins had flushed an unknown quantity of cocaine down the toilet.  During the search of the residence, Officers located 15.523 grams cocaine base, 181.10 grams marijuana, 0.6 grams amphetamines, $12,041 in United States currency, and approximately $40,000 worth of jewelry.  COLLINS was arrested.

15.    While Officers were on scene, the owner of 3365 North 53rd Street arrived and identified himself as Dwight CLAYTON of **9736 West Tower Avenue, Milwaukee, Wisconsin (Subject Premises A).**  CLAYTON also provided his phone number of (414) 469-6235 (Target Cell Phone A). CLAYTON advised that he has owned the property at 3365 North 53rd Street since January of 2019 and has rented the residence to "Kimberly Jefferson" since February of 2019. CLAYTON stated that he does not have any formal rental agreement with Jefferson and has never seen an ID for her.  He also advised that he has spoken to Jefferson on the phone before but that he didn't currently know her phone number. Clayton stated that he basically rented the home to her because she was a friend of a friend.  When showed a picture of Kyle Collins, CLAYTON stated that he did recognize him but didn't know his name. CLAYTON also advised that Kyle Collins has paid him rent before on behalf of Jefferson and did so as recently as the previous week, for the month of September.  CLAYTON stated that when he came to the residence to collect the rent, Kyle Collins handed him $1,300.00 at the front door of the residence. CLAYTON also stated that he did not issue a receipt at that time.  After the interview ended, CLAYTON did advise officers to have the City of Milwaukee board up the front door to his residence. No further information was provided at that time.

16.    On September 23, 2020, DEA-Milwaukee case agents were conducting surveillance of a

7

black 2016 Dodge Ram 2500, bearing Wisconsin truck license plates RE4384.  These license plates list to Dwight CLAYTON at **9736 West Tower Avenue, Milwaukee, Wisconsin 53224 (Subject Premises A)**.  Case agents located the vehicle travelling west on West Capitol Drive at approximately North 27th Street and followed the vehicle to North 35th Street.  The vehicle turned west on West Roosevelt Avenue and then south on North 38th Street.  At 4:33 p.m., the vehicle pulled to the curb at approximately 3835 North 38th Street, Milwaukee, Wisconsin.  At 4:35 p.m., case agents observed a black male wearing black shorts and a white t-shirt standing near a black truck on the east side of the street.  Case agents then observed a black male wearing a gray shirt and green shorts, later identified as Dwight CLAYTON, standing next to the Dodge Ram with the driver's side door open.  At 4:36 p.m., case agents drove past the Dodge Ram and observed CLAYTON reaching into the vehicle.  Case agents also observed what appeared to be a Hispanic male standing next to CLAYTON.  Both subjects appeared to be looking at something in the vehicle.

17.     At 4:36 p.m., case agents observed a black male wearing blue jeans and a black shirt near a black truck that was parked on the east side of the street across from the Dodge Ram.  The male crossed the street toward the Dodge Ram.  At 4:41 p.m., case agents observed four people standing on the sidewalk next to the Dodge Ram.  At 4:43 p.m., case agents observed CLAYTON walk to a **silver 2015 Kia Optima, bearing Wisconsin license plates ACV-2064, VIN: 5XXGM4A78FG450704 (Subject Vehicle)**, that was parked behind the Dodge Ram.  These license plates list to Twanda Paschal, of 3835 North 38th Street, Milwaukee, Wisconsin 53216.  Paschal has been identified as a drug trafficker in Milwaukee-area drug investigations dating back to at least 2010.  CLAYTON sat in the driver's seat of the Kia for about one minute before exiting the vehicle.  CLAYTON then used a key fob to lock or unlock the Dodge Ram.  CLAYTON then returned to the silver Kia.  An unidentified female then walked from the passenger side of the Kia and entered the driver's seat of the Dodge Ram.  The Dodge Ram and the Kia then drove south on North 38th Street.  The Dodge turned east on West Vienna

8

Street and the Kia turned west on West Vienna Street. A case agent observed CLAYTON in the driver's seat of the Kia. The Kia was not followed.

18.     Case agents maintained surveillance of the Dodge Ram. The vehicle drove east to North 35th Street where it turned north. The vehicle then turned west on West Congress Street and then north on North 39th Street. At 5:02 p.m., the vehicle pulled to the curb at the southeast corner of North 39th Street and West Courtland Avenue. Less than one minute later, a black 2013 BMW X3 SUV, bearing Wisconsin license plates 654-MYP, pulled to the curb behind the Dodge Ram. The occupants of the BMW appeared to meet with the occupants of the Dodge Ram, but case agents were unable to maintain constant visual surveillance of the vehicles without being detected. At 5:06 p.m., the Dodge Ram drove north on North 39th Street and then east on West Hampton Avenue. The vehicle then turned north on North 37th Street and drove into the pharmacy drive-thru of a Walgreen's at 4808 North Hopkins Street, Milwaukee, Wisconsin. At 5:15 p.m., the Dodge Ram drove out of the Walgreen's. Case agents attempted to follow the vehicle, but lost sight of the vehicle in heavy traffic. Surveillance was then terminated.

19.     On October 20, 2020, Texas Department of Public Safety investigators were conducting surveillance at a suspicious business in Pharr, Texas. Investigators observed an open overhead garage door at the business warehouse and observed a pallet containing several boxes sitting next to a pickup truck in the business. The rest of the warehouse appeared to be empty. A short time later, a truck belonging to Estes Express Lines arrived, loaded the pallet onto a truck, and left the business. Investigators maintained surveillance until the truck arrived at the Estes Express Lines property. Investigators subsequently approached the employees of the company and inquired about the pallet. Investigators were provided with the bill of lading related to the shipment. The bill of lading indicated that the pallet contained 492 pounds of optical cable and was being shipped from Dixie Cable, 2003 North Veterans Boulevard, Suite 18, Pharr, Texas 78577 to Raul Gallegos, 1850 North Doctor Martin

9

Luther King Jr. Drive #210, Milwaukee, Wisconsin 53212. The shipper name was listed as Carlos Trevino with phone number (956) 996-2424. The recipient was listed as Raul Gallegos with phone number (657) 261-1934. Investigators conducted a K-9 sniff of the pallet and received a positive alert for the presence of controlled substances. A subsequent search of the pallet revealed approximately 61 kilograms of cocaine concealed within the boxes on the pallet.

20. Shipping records revealed that three prior shipments had been sent from Pharr, Texas to 1850 North Doctor Martin Luther King Jr. Drive #210, Milwaukee, Wisconsin 53212. Two of those shipments had been picked up at the shipping company, on August 28, 2020, and September 25, 2020. Telephone records later revealed that Dwight CLAYTON, using (414) 469-6235 (Target Cell Phone A), was in phone contact with (657) 261-1934, the number listed above for Raul Gallegos, on August 27, 2020. The third shipment had been delivered on August 14, 2020, to 1850 North Doctor Martin Luther King Jr. Drive #210, Milwaukee, Wisconsin 53212. Case agents obtained surveillance video which showed that on August 14, 2020, Dwight CLAYTON arrived at the side of the business at 1850 North Martin Luther King Jr. Drive, driving a black Dodge Ram 2500 pickup. The bed of the pickup was empty upon his arrival. A short time later, a box truck driven by the shipping contractor arrived and parked on the side of the business. CLAYTON was observed positioning the Dodge Ram near the shipping company vehicle. A short time later, CLAYTON drove away from the area. The bed of the Dodge Ram now contained what appeared to be a shipping pallet. This pallet was similar in appearance to the pallet seized in Pharr, Texas on October 20, 2020.

21. On October 29, 2020, December 11, 2020, and January 22, 2021, the Honorable Nancy Joseph, United States Magistrate Judge in the Eastern District of Wisconsin, signed warrants authorizing the search of (414) 469-6235 (Target Cell Phone A). More specifically, the warrant directed AT&T to provide information about the location of (414) 469-6235 (Target Cell Phone A). Case agents have been receiving location information for (414) 469-6235 (Target Cell Phone A) since October 29, 2020.

10

22.     Since case agents have been receiving location information for (414) 469-6235 (Target Cell Phone A), they have utilized the information to identify residences associated with Dwight CLAYTON. Court-authorized positional information has revealed that CLAYTON spends overnight hours at 3835 North 38th Street, Milwaukee, Wisconsin. Wisconsin Department of Motor Vehicle information has identified this as the residence of Twanda Paschal. Paschal has been identified as a drug trafficker in Milwaukee-area drug investigations dating back to at least 2010. CLAYTON also spends overnight hours at **6840 West Granville Circle #301, Milwaukee, Wisconsin (Subject Premises B)**. A search of Wisconsin Department of Financial Institutions records identifies this as the location of S&C Trucking LLC. As stated earlier, a tipster reported to the FBI that CLAYTON was laundering money through S&C Trucking LLC.

23.     On January 27, 2020, at approximately 7:00 p.m., case agents monitoring a court-authorized GPS tracking device on the black Dodge Ram used by CLAYTON noticed CLAYTON was travelling south in the direction of Milwaukee's General Mitchell International Airport. At approximately 7:15 p.m., at the request of case agents, a Milwaukee County Sheriff's Office Deputy conducted a traffic stop of the black Dodge Ram for speeding and unsafe lane deviation. The Deputy decided to tow the vehicle due to an equipment violation. During an inventory search, the Deputy located a black backpack containing a large amount of United States currency, later determined to be $149,980. After discovering the backpack, CLAYTON consented to a search of the rest of the vehicle. Nothing additional of evidentiary value was located. The Deputy asked CLAYTON how much money was in the backpack. CLAYTON responded that he didn't know and told the Deputy that he owned a trucking business and the money was from his business. Case agents believe the currency was proceeds of drug trafficking and the currency was seized.

24.     Court-authorized tracking information for the **Subject Vehicle** showed that CLAYTON spent the overnight and early morning hours March 16, 2021, at **6840 West Granville Circle,**

11

**Apartment 301, Milwaukee, Wisconsin (Subject Premises B)**. CLAYTON left that location at 6:51 a.m.

25.     On March 16, 2021, at 7:58 a.m., case agents were monitoring a remote surveillance camera at 5270 West Clinton Avenue, Milwaukee, Wisconsin.  This is the location where Dwight CLAYTON stores several dump trucks belonging to S&C Trucking.  Dwight CLAYTON was observed in the driver's seat of the **silver 2015 Kia Optima, bearing Wisconsin license plates ACV-2064, VIN: 5XXGM4A78FG450704** (**Subject Vehicle**). A male, later identified as Jeffrey COLEMAN, was seated in the driver's seat of a black Dodge Ram 3500, bearing Wisconsin Apportioned license plate 72299X, which was next to the **Subject Vehicle**.  At 8:00 a.m., a white Ford van, bearing Iowa license plate JZC558, is seen driving west on West Clinton Avenue.  At the same time, Dwight CLAYTON and Jeffrey COLEMAN exit their vehicles and walk toward the back of COLEMAN's truck.  Case agents observed that the white Ford van was now backed up to the bed of COLEMAN's truck.  COLEMAN and an unidentified male loaded a pallet wrapped in shrink wrap from the van into COLEMAN's truck. COLEMAN, CLAYTON, and the unidentified male re-entered their vehicles and quickly departed the area.  Based on the observations made on camera and the investigation to date, case agents believe the pallet contained a quantity of narcotics.

26.     On February 24, 2021, the Honorable Stephen C. Dries, United States Magistrate Judge in the Eastern District of Wisconsin, signed a tracking warrant for the **Subject Vehicle**.  Case agents monitored the court-authorized GPS tracker installed on the **Subject Vehicle** and observed that the vehicle drove directly from 5270 West Clinton Avenue to **9736 West Tower Avenue, Milwaukee, Wisconsin (Subject Premises A)**.  Case agents went to that location and observed the black Dodge Ram 3500, bearing Wisconsin Apportioned license plate 72299X, backed into the driveway at that location. The tailgate of the truck was lowered and the bed was empty.  The **Subject Vehicle** was parked on the side of the residence.

12

27.     At approximately 9:40 a.m., Jeffrey COLEMAN was observed in the Dodge Ram 3500, bearing Wisconsin Apportioned license plate 72299X. The vehicle was followed until a traffic stop was conducted for failure to display a rear license plate. Jeffrey COLEMAN was removed from the vehicle. An inventory search was conducted of the vehicle which revealed 10 kilogram-sized packages of suspected narcotics in a tool box inside the vehicle. A subsequent field test on the suspected narcotics tested positive for cocaine. The vehicle was subsequently towed. A short time later, Dwight CLAYTON exited the residence and entered the **Subject Vehicle**. Case agents cleared **9736 West Tower Avenue, Milwaukee, Wisconsin (Subject Premises A)** for any confederates who may have concealed themselves inside the residence in order to destroy evidence or arm themselves. No one else was located in the residence. While clearing the garage, case agents observed the pallet that was seen being loaded into COLEMAN's truck in the garage of the residence.

28.     Also on March 16, 2021, case agents went to **6840 West Granville Circle, Apartment 301, Milwaukee, Wisconsin (Subject Premises B)**. Case agents spoke to Betty Hollifield, the mother of Dwight CLAYTON. She identified the residence as belonging to her. She stated that Dwight CLAYTON sleeps at the residence on occasion and stores property at her residence. CLAYTON did not appear to have his own bedroom at that location. Based on the investigation to date, case agents believe Dwight CLAYTON stores drugs, proceeds of drug trafficking, and/or documents related to his drug trafficking and money laundering activities at **6840 West Granville Circle, Apartment 301, Milwaukee, Wisconsin (Subject Premises B)**.

29.     Based on the aforementioned information, and physical surveillance, case believe that Dwight CLAYTON is using the **Subject Vehicle** in furtherance of drug trafficking and money laundering activities. On numerous occasions since September 23, 2020, case agents observed the **Subject Vehicle** parked at **9736 West Tower Avenue, Milwaukee, Wisconsin**

13

**(Subject Premises A)** and at **6840 West Granville Circle, Apartment 301, Milwaukee, Wisconsin (Subject Premises B)**. Case agents believe CLAYTON drives the **Subject Vehicle** to these locations in furtherance of his drug trafficking and money laundering activities.

30. **CONCLUSION**

31.    Based on the facts contained within this affidavit, I believe that probable cause exists to believe that in the State and Eastern District of Wisconsin, and elsewhere Dwight CLAYTON and others:

   a. Knowingly conspired with each other, and others known and unknown, to possess with the intent to distribute and distribute in excess of five kilogram of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841 (a)(1), 841(b)(1)(A), and 846; and

   b. Knowingly and intentionally conspired with each other, and others known and unknown to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), which makes it unlawful for one who knows that property involved in a financial transaction represents the proceeds of some form of unlawful activity, to conduct a financial transaction in and affecting interstate commerce, which transaction involves the proceeds of specified unlawful activity, with intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity. The specified unlawful activity involved in the offense is the distribution of controlled substances and conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. The object of the conspiracy was to conceal the source, ownership, and control of the proceeds of drug trafficking which were received by the above identified individuals. All in violation of Title 18, United States Code, Section 1956(h).

32.    Based on the facts contained within this affidavit, I further believe that probable cause exists to believe that evidence of the offenses described above will be found in:

   a. **9736 West Tower Avenue, Milwaukee, Wisconsin (Subject Premises A)**. More particularly described as a one-story, single-family home, with a brick and gray siding exterior and a gray roof. The numbers "9736" are displayed on the east side of the front door which faces south.

   b. **6840 West Granville Circle, Apartment 301, Milwaukee, Wisconsin (Subject Premises B)**. This is described as Apartment 301 of a three-story apartment building

14

with yellow and tan siding and a dark-colored roof. The numbers "301" are displayed on a placard to the right of the apartment door; and

c.   **A silver 2015 Kia Optima, bearing Wisconsin license plates ACV-2064, VIN: 5XXGM4A78FG450704** (hereinafter "**Subject Vehicle**").

to include all associated vehicles parked on the premises, the garage, and outbuildings, at these addresses. These residences and vehicle are utilized by Dwight CLAYTON as a storage location for narcotics prior to distribution, for drug proceeds following distribution, and for documents related to his drug trafficking and money laundering activities.

15

**ATTACHMENT A**

**9736 West Tower Avenue, Milwaukee, Wisconsin (Subject Premises A).** More particularly described as a one-story, single-family home, with a brick and gray siding exterior and a gray roof. The numbers "9736" are displayed on the east side of the front door which faces south.

# ATTACHMENT B
## ITEMS TO BE SEIZED

A.      Paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, and heat-sealing devices, including any controlled substances;

B.      Pagers, cellular phones, caller identification, and other communication devices;

C.      Books, records, receipts, notes, ledgers, airline tickets, hotel receipts, money orders, and other papers relating to the distribution of controlled substances;

D.      Personal books and papers reflecting names, addresses, telephone numbers, and other contact or identification data relating to distribution of controlled substances;

E.      Cash, currency, financial instruments, and records relating to controlled substances income and expenditures of proceeds of drug transactions, and evidence of financial transactions relating to obtaining, transferring, secreting, or spending of large sums of money made from engaging, in drug trafficking activities;

F.      Photographs of individuals, associates, their property and their drugs;

G.      Records reflecting names, nicknames, addresses, and telephone numbers of both their current and past drug associates;

H.      Safes, closed containers, telephones, pagers, answering machine tapes, electronic organizers, located in the subject premises and the contents thereof;

I.      Proof of residency;

J.      Canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents and keys.